Michael A. Bliven
Scott L. Anderson
ANDERSON & BLIVEN P.C.
278 Fourth Avenue E.N.
Kalispell, MT 59901
Telephone: (406) 755-6828

Attorneys for Plaintiff

FILED
BILLINGS DIV.

2010 JUN 4 AM 9 13

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

2010 MAR 25 PM 12 47

FILED
_____
DEPUTY

RP (1)

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT,
YELLOWSTONE COUNTY**

CV-10-59-BLG-RFC

G. TODD BAUGH

| | |
|---|---|
| **ESTEPHAN SALAZAR,** | Cause No. DV-10 536 |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **FIRST NATIONAL PAWN, INC., d/b/a FIRST NATIONAL PAWN and DOES 1-5,** | |
| Defendants. | |

**COMES NOW**, Plaintiff, Estephan (hereinafter "Steve") Salazar and hereby complains and

alleges as follows:

1.      This cause of action arises out of the wrongful discharge from employment of

Plaintiff by Defendant in violation of The Family Medical Leave Act, 29 USCS § 2614, and 29

USCS § 2615.

2.      Does 1-5 are Defendant's whose names are currently unknown to Plaintiff, but are

liable to him for damage suffered because of their conduct.

**JURISDICTION**

3.      This Court has jurisdiction over this matter pursuant to 29 USCS § 2617.

4.      Defendant, First National Pawn, Inc., doing business as "Fir$t National Pawn"

COMPLAINT & DEMAND FOR JURY TRIAL                                    PAGE 1

ANDERSON &
BLIVEN P.C.
KALISPELL, MT 59901

(hereinafter "First National Pawn")  is a corporation organized under the laws of Montana and

Billings, Montana.

5.      At all material times herein, First National Pawn conducted business under the

laws of Montana.

6.      Venue is proper in this Court in that the Defendant First National Pawn has

offices in Billings, Yellowstone County, Montana.

7.      At all material times, Plaintiff was a resident of Flathead County, Montana.

8.      At all material time herein, Defendant First National Pawn owned and operated a

store located at  111 West Idaho St, Kalispell, MT (hereinafter "Kalispell store").

9.      At all material times herein, Defendant First National Pawn owned and operated a

store located at 901 9th St S, Great Falls, Montana (hereinafter "Great Falls store").

## COUNT I

## FAMILY MEDICAL LEAVE ACT

10.      Plaintiff re-alleges the paragraphs 1-9.

11.      Upon information and belief, Plaintiff worked more than 1,250 hours for

Defendant First National Pawn for the 12 months prior to his termination.

12.      Plaintiff worked for Defendant First National Pawn for more than 12 months.

13.      Upon information and belief, Defendant First National Pawn, owned and operated

17 stores.

14.      Upon information and belief, Defendant First National Pawn is engaged in

commerce.

15.      Upon information and belief, Defendant First National Pawn is engaged in an

activity affecting commerce.

**COMPLAINT & DEMAND FOR JURY TRIAL**                                                        **PAGE 2**

ANDERSON &
BLIVEN P.C.
KALISPELL, MT 59901

16.     Upon information and belief, Defendant First National Pawn employed 50 or more people for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

17.     For all material times herein, Plaintiff worked for Defendant in the State of Montana.

18.     Plaintiff's son suffered a serious medical condition, a severe hip injury that required surgery in Spokane, Washington and has ongoing need for treatment and disability.

19.     Upon information and belief, Defendant First National Pawn was aware that Plaintiff needed to use his medical leave to attend to his son's serious medical condition.

20.     Upon information and belief, Defendant terminated Plaintiff's employment with First National Pawn because Plaintiff planned on using his medical leave time to attend to his son's serious medical condition.

21.     Upon information and belief, Defendant violated The Family and Medical Leave Act of 1993 by terminating Plaintiff because he missed work to attend his son's hip surgery and was planning on missing more time from work because of his son's serious medical condition.

22.     Upon information and belief, Defendant violated 29 USCS § 2615 by denying Plaintiff the right to exercise a Family Leave pursuant to 29 USCS § 2611.

23.     Upon information and belief, Defendant violated 29 USCS § 2615 by terminating Plaintiff's employment because Defendant knew of or should have reasonably known that Plaintiff was going to file a family leave to take care of his son.

24.     Defendant First National Pawn's action have injured Plaintiff in an amount to be determined at trial.

ANDERSON &
BLIVEN P.C.
KALISPELL, MT 59901

## COUNT II
## WRONGFUL DISCHARGE FROM EMPLOYMENT

25.    Plaintiff re-alleges the allegations contained in paragraphs 1-24.

26.    Plaintiff began his employment with Defendant on or about February 1, 2003.

27.    Plaintiff began his employment with Defendant at the Great Falls store.

28.    Plaintiff received several raises in pay over the duration of his employment with Defendant.

29.    Plaintiff was a good employee for Defendant.

30.    On or about February 1, 2007 Defendant First National Pawn asked Plaintiff to move to Kalispell to improve the Kalispell store.

31.    Plaintiff worked as an assistant manager at the Kalispell store.

32.    On or about January 29, 2009, Seth Brown, an executive for Defendant First National Pawn, promised Plaintiff that he would be the manager for a new store in Kalispell.

33.    On or about February 6th, 2009, Plaintiff took an authorized leave of absence from the First Pawn store so he could attend his son's hip surgery.

34.    Plaintiff was in Spokane attending to his son's pre-op and post-op care from February 6th, 2009 through February 11th, 2009.

35.    Plaintiff returned to work at First National Pawn on February 12th, 2009.

36.    On or about February 23, 2009, Seth Brown, an executive of First National Pawn, asked Plaintiff to work on his day off on February 25, 2009. Plaintiff agreed to do so.

37.    First National Pawn was planning a store wide "secret sale," to start on February 25, 2009, at its Kalispell store.

38.    On or about February 25, 2009, Plaintiff worked approximately 14 hours for First

**COMPLAINT & DEMAND FOR JURY TRIAL**                                    **PAGE 4**

ANDERSON &
BLIVEN P.C.
KALISPELL, MT 59901

National Pawn.

39.     Plaintiff's efforts on February 25, 2009 helped First National Pawn exceed its stated sales goals for the day.

40.     Subsequently, Defendant First National Pawn terminated Plaintiff's employment.

41.     Defendant told Plaintiff he was being terminated because of a "poor work ethic."

42.     Defendant First National Pawn's written reason for Plaintiff's termination was "poor employee performance."

43.     Throughout Plaintiff's six years of employment, Defendant had never given Plaintiff a "written warning" or had disciplined Plaintiff for poor work performance.

44.     Defendant First National Pawn did not have reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason to terminate Plaintiff.

45.     Defendant First National Pawn wrongfully terminated Plaintiff on or about February 28, 2009 without "Good Cause" in violation of §39-2-903, §39-2-901 and §39-2-904, MCA.

46.     Plaintiff is entitled to punitive damages.


**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.     For his lost wages and fringe benefits for a period of 4 years from the date of the discharge, together with interest on the lost wages and fringe benefits;

2.     For all damages proved and awarded by the jury or court;

3.     For all damages, fees and costs allowed by 29 USCS § 2617;

4.     For punitive damages pursuant to § 39-2-905, MCA, in the amount severe enough to deter future bad conduct by this Defendant and others who are similarly situated;

**COMPLAINT & DEMAND FOR JURY TRIAL**                                    **PAGE 5**

ANDERSON &
BLIVEN P.C.
KALISPELL, MT 59901

5.    For all other damages allowed by law and awarded by the jury;

6.    For Plaintiff's costs and disbursements in this action; and

7.    For such other and further relief as the Court deems appropriate.

**JURY DEMAND**

1.    Plaintiff hereby demands a jury trial.

Dated: March 24, 2010

ANDERSON & BLIVEN P.C.

By:_____

Michael A. Bliven
278 Fourth Avenue E.N.
Kalispell MT 59901
Attorneys for Plaintiff

COMPLAINT & DEMAND FOR JURY TRIAL                                    PAGE 6

ANDERSON &
BLIVEN P.C.
KALISPELL, MT 59901