# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| ESTEPHAN SALAZAR,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL PAWN, INC., d/b/a FIRST NATIONAL PAWN, F N P of MONTANA, INC., d/b/a FIRST NATIONAL PAWN; FNP, INC., d/b/a FIRST NATIONAL PAWN; GOLDEN TRIANGLE, INC., d/b/a FIRST NATIONAL PAWN; and DOES 1-5,<br><br>Defendants. | Case No. CV-10-59-BLG-RFC<br><br>ORDER |
|---|---|

## I.   INTRODUCTION

Presently before the Court are Defendants motions for summary judgment on Plaintiff Estephan Salazar's claims under the Family Medical Leave Act

("FMLA") (29 U.S.C. § 2615) and the Wrongful Discharge from Employment Act ("WDEA") (Mont. Code Ann. § 39-2-901 *et. seq*.). *Docs. 8 & 29*. Because the Court concludes Salazar has no valid FMLA and declines to exercise supplemental jurisdiction over the WDEA claim, this case will be remanded to Montana's Thirteenth Judicial District Court, Yellowstone County.

## II.   FACTUAL BACKGROUND

Salazar began his employment with First National Pawn at their Great Falls store in 2003. In 2007, Salazar was moved to the First National Pawn store at 111 West Idaho Street in Kalispell, Montana and promoted to assistant manager. Defendant FNP of Montana, Inc. owns this store.

In the beginning of February 2009, Salazar took leave in order to attend his son's hip surgery in Spokane, Washington. Salazar was terminated from First National Pawn in Kalispell at the end of February 2009. "Poor employee performance" was the cause cited for his termination. Salazar filed a grievance and proceeded through the grievance procedure. He has exhausted his administrative remedies.

Salazar brought suit in Montana's Thirteenth Judicial District Court, alleging Defendants violated the FMLA by terminating him because he was going to take leave in order to care for his son, and the WDEA by terminating him

without reasonable, job-related grounds.  Defendants removed to this Court because of federal question jurisdiction on the FMLA claim.  They ask this Court to accept supplemental jurisdiction of the WDEA claim.

### III.  ANALYSIS

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory.  *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979).  In a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party.  *State Farm Fire and Cas. Co. v. Martin*, 872 F.2d 319, 320 (9th Cir.1989).

Defendant First National Pawn, Inc. seeks summary judgment on the FMLA claim because (1) Defendant First National Pawn, Inc. is not the Salazar's employer; and (2) that the Kalispell First National Pawn store is not subject to the

FMLA.

First National Pawn does not dispute that it is an employer under the FMLA, rather it contends Salazar has failed to establish that he is an "eligible employee" as required by 29 U.S.C. § 2611(2)(A). Under the FMLA, an "eligible employee" does not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii). Salazar argues that (1) First National Pawn is a covered employer and therefore he should be eligible for FMLA benefits; and (2) in the alternative, First National Pawn is an "integrated employer" with the other First National Pawn stores and therefore meets the minimum number of employees under FMLA.

To establish eligibility under FMLA, Salazar must show that Defendant FNP of Montana. Inc. employed 50 employees at the work site, or within 75 miles of the work site. *Fain v. Wayne County Auditor's Office*, 388 F.3d 257, 259 (7th Cir.2004); see also *Morrison v. Magic Carpet Aviation*, 383 F.3d 1253, 1254 (11th Cir. 2004). The work site at issue is the First National Pawn store on Idaho Street in Kalispell, Montana where Salazar was employed when he was terminated.

The regulation on "integrated employers" can be found at 29 C.F.R. §

825.104(c)(2) and states that,

> Separate entities will be deemed to be parts of a single employer for purposes of FMLA if they meet the "integrated employer" test. Where this test is met, the employees of all entities making up the integrated employer will be counted in determining employer coverage and employee eligibility. A determination of whether or not separate entities are an integrated employer is not determined by the application of any single criterion, but rather the entire relationship is to be reviewed in its totality. Factors considered in determining whether two or more entities are an integrated employer include:
>
> (i) Common management;
>
> (ii) Interrelation between operations;
>
> (iii) Centralized control of labor relations; and
>
> (iv) Degree of common ownership/financial control.  *Id.*

In addition, 29 C.F.R. § 825.106(a) states that,

> (a) Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers, and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
> (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
>
> (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,

>   (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer. *Id*.

Here, it is undisputed that the two First National Pawn stores located in Kalispell, Montana have never collectively employed more than twelve to fourteen employees. *Doc. 10-1*, Aff. of Steven Costin, ¶ 6, (July 26, 2010). Moreover, even assuming an "integrated employer" relationship between Defendant entities, at the time Salazar alleges his injuries, the Defendant entities did not have at least 50 employees within a 75 mile radius of the First National Pawn store located at 111 West Idaho Street. *Doc. 21-1,* aff. Of Stevn Costin, ¶ 18 (Sept. 24, 2010).

Consequently, even assuming the existence of an "integrated employer" relationship amongst all Defendants, Salazar cannot establish that Defendant FNP of Montana, Inc. had at least 50 employees within a 75 mile radius of its Idaho Street store in Kalispell.[1] Therefore, Salazar cannot establish that he is an eligible employee under FMLA and Defendants' Motion for Summary Judgment on Salazar's FMLA claim must be granted.

That leaves only Salazar's state law WDEA claim, over which this Court has

---

[1] It does not go without the Court's notice that Salazar's entire response brief makes no discussion of this 75 mile radius criteria.

discretion to decline supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

This Court concludes that state court is the proper forum for Salazar's WDEA claim.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendants' Motion for Summary Judgment (*Doc. 29*) is GRANTED as to Salazar's claim under the Family Medical Leave Act;

2. Defendant First National Pawn's Motion for Summary Judgment (*Doc. 8*) is MOOT; and

2. Salazar's remaining state law claim be remanded to the Montana's Thirteenth Judicial District Court, Yellowstone County.

DATED this 13th day of January, 2011.

　　　　　　　　　　　　　　　　_/s/ Richard F. Cebull_____
　　　　　　　　　　　　　　　　RICHARD F. CEBULL
　　　　　　　　　　　　　　　　U. S. DISTRICT JUDGE